## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

ANDRES ESPINOZA ZECUA and
NATALIA TORRES PEREZ

Petitioners,

v.

LUIS SOTO, *et al.*,

Respondents.

Case No. 26–cv–07937–ESK

OPINION AND ORDER

**THIS MATTER** is before the Court on petitioners Andres Espinoza Zecua's and Natalia Torres Perez's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Petition). [1]  (ECF No. 1.)  Respondents oppose the Petition, (ECF No. 5), and have supplemented their response with further exhibits.  (ECF No. 7.)  Petitioners filed a reply.  (ECF No. 6.)

1.    Petitioner Zecua is a citizen of Mexico who entered the United States without inspection in 2012.  (ECF No. 1 p. 5.)  He was encountered by United States Border Patrol in Arizona.  (ECF No. 5 at 2.)  Zecua was then processed for expedited removal and was thereafter removed from the United States. (*Id.*)  At an unknown date and location, Zecua reentered the United States. (*Id.*)

2.    Petitioner Perez is a citizen of Mexico who entered the United States without inspection in 2018.  (ECF No. 1 p. 5.)  She was arrested by United States Border Patrol, processed for an expedited removal, and thereafter removed from the United States.  (ECF No. 5 pp. 1, 2.)  About one month later, Perez reentered the United States and was again arrested by United States Border Patrol.  (*Id.*)  Petitioner was processed for a reinstatement of a prior order of removal, and thereafter, once again, removed from the United States. (*Id.*)  At an unknown date and location, Perez reentered the United States. (*Id*)

3.    Immigration and Customs Enforcement (ICE) encountered petitioners on June 27, 2026, during a targeted enforcement operation in Toms

---

[1] Petitioners are married since 2011. (ECF No. 1 ¶ 1.)

River, New Jersey.   (ECF No. 5 p. 3.)   Both petitioners were arrested pursuant to a Warrant of Removal/Deportation (Form I–205).   (*Id.*)

4.   This Petition followed on June 30, 2026.   (ECF No. 1.)

5.   Section 1231(a) states, in relevant part, that "if the Attorney General finds that [a noncitizen] has reentered the United States illegally after having been removed or having departed voluntarily, under an order of removal, the prior order of removal is reinstated from its original date and is not subject to being reopened or reviewed, the alien is not eligible and may not apply for any relief under [immigration laws], and the [noncitizen] shall be removed under the prior order at any time after the reentry."   8 U.S.C. § 1231(a)(5).

6.   As an initial matter, I conclude that petitioners are lawfully detained pursuant to 8 U.S.C. § 1231(a)(5).   Indeed, petitioners were previously removed from the United States—Perez was removed twice—and have now reentered the United States.

7.   Turning to the issue of detention, Section 1231(a) further states, in relevant part, that if a noncitizen "is ordered removed, the Attorney General shall remove the [noncitizen] from the United States within a period of 90 days (in this section referred to as the 'removal period')."   8 U.S.C. § 1231 (a)(1)(A). This 90-day detention is mandatory.   *See Zadvydas v. Davis*, 533 U.S. 678, 683 (2001) ("While removal proceedings are in progress, most [noncitizens] may be released on bond or paroled.   After entry of a final removal order and during the 90-day removal period, however, [noncitizens] must be held in custody." (internal citation omitted)).

8.   "The removal period begins on the latest of the following: (i) The date the order of removal becomes administratively final. (ii) If the removal order is judicially reviewed and if a court orders a stay of the removal of the [noncitizen], the date of the court's final order. (iii) If the [noncitizen]is detained or confined (except under an immigration process), the date the [noncitizen] is released from detention or confinement."   8 U.S.C. § 1231(a)(1)(B).

9.   As it relates to petitioners, the 90-day detention period has not expired.   Respondents calculate the detention period for purposes of § 1231(a) by adding up the total time "spent in post final order detention," even if that includes separate periods of post-final-order detention.   *See Patel v. Bondi*, No. 25–16218, 2025 WL 3294353, at *2 (D.N.J. Nov. 26, 2025).   Here, petitioners are well under the 90-day mandatory detention period. As such, their detention is currently mandatory and lawful.   As such, habeas relief will be denied.

Accordingly,

**IT IS** on this   **3rd** day of **August 2026**   **ORDERED** that:

1.      The Petition is **DENIED WITHOUT PREJUDICE**.

2.      Any restrictions imposed by this Court on petitioners' location are **LIFTED**.

3.      The Clerk shall **CLOSE** this case.

　　　　　　　　　　　　　　　　　*/s/ Edward S. Kiel*
　　　　　　　　　　　　　　　　　**EDWARD S. KIEL**
　　　　　　　　　　　　　　　　　**UNITED STATES DISTRICT JUDGE**